The Honorable Scott Hunter Prosecuting Attorney Second Judicial Circuit P.O. Box 926 Jonesboro, Arkansas 72403
Dear Mr. Hunter:
This is in response to your request for an opinion on the following questions:
 What proprietary interest does the court reporter have in trial notes, records, and tapes, subsequent to the trial and what are the duties and responsibilities, if any, of the court reporter who has retired or otherwise left office with respect to requests for transcripts of the trial proceedings?
We have not found any relevant law pertaining to your first question regarding the proprietary interest of court reporters in trial notes, records, and tapes. There is simply not enough relevant law for us to project an answer to this question.
Our research has, however, uncovered one case which may be of help in answering your second question, which inquires as to what the responsibility of a former court reporter is with respect to requests for transcripts. In Pickens v. State,288 Ark. 420, 706 S.W.2d 179 (1986), cert denied, 484 U.S. 917
(1987), the former certified court reporter for a circuit court refused to certify a trial transcript because he was no longer a certified reporter. The court held that:
 Evidently Taylor was the duly certified court reporter for this circuit court at the time he acted. The fact that he is no longer certified is incidental to his duty. If the trial court finds the transcript accurate, Taylor shall certify that portion he prepared as accurate and sign it. Her may reflect the fact the he is no longer a reporter; but he was a certified reporter then and cannot avoid his duty to prepare and deliver an accurate transcript.
 The circuit court has the inherent authority to order that reporter to prepare an accurate transcript. If he will not, the power of contempt proceeding is available; if he cannot prepare an accurate transcript because of incompetence, the power to order it done at the reporter's expense is available. [Emphasis added.]
288 Ark. at 421.
It is my opinion that the language above can be read to require a former court reporter to prepare and deliver an accurate transcript of a proceeding which that reporter transcribed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb